# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONRAD GAINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1251-M ) |
| NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

On March 10, 2017—upon finding that attorney Miles L. Mitzner had misstated evidence in this case and noting that similar findings had been made in at least nine other cases—the Court directed Mr. Mitzner to show cause for why sanctions should not be imposed upon him. Mr. Mitzner was expressly advised that the Court would consider his response in determining whether, pursuant to Local Civil Rule 83.6(c), the matter should be referred to the Chief Judge of this Court for discipline on a complaint of professional misconduct.

Following submission of Mr. Mitzner's written response, the Court on May 9, 2017, held a hearing. Mr. Mitzner appeared in person. Counsel for Defendant appeared in person and by telephone.

This Court has high standards for the attorneys who practice before it. Those standards include, at a minimum, compliance with the obligations set forth in the Oklahoma Rules of Professional Conduct. *See* Local Civil Rule 83.6(b). Those rules impose on

lawyers a duty of candor to the Court, prohibiting the lawyer from knowingly "mak[ing] a false statement of fact . . . to [the Court] or fail[ing] to correct a false statement of material fact . . . previously made to the [Court] by the lawyer." Okla. R. Prof'l Conduct 3.3(a)(1), Okla. Stat. tit. 5, ch. 1 app. 3-A; *see also* Fed R. Civ. P. 11(b) (stating that an attorney who presents and signs a written motion or other paper to a court is certifying to the court "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the factual contentions" in that motion or paper "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

Mr. Mitzner's conduct in this case does not live up to these standards. Here, as in numerous other cases in which he has been cited for misrepresenting, misstating, or mischaracterizing evidence, Mr. Mitzner has exaggerated the evidence to the point of untruth. In discussing evidence of limitations caused by Plaintiff's broken right ankle, Mr. Mitzner purports to quote Dr. Lancaster's summary of Dr. Burke's report as follows:

> rt ankle has decreased ROM w/ chronic subjective pain; toe walking is weak on the rt and he not able to heel walk, walks with limp; carries a cane in his rt hand for support.

Pl.'s Br. in Chief (Doc. No. 12) at 3 (citing Admin. R. (Doc. No. 10) at 63). Dr. Lancaster's actual summary reads as follows:

> Rt ankle has decrease[d] ROM w/ chronic, subjective pain. **There is no evidence of swelling at this exam. No evidence of muscular atrophy or hypertrophy. No crepitus or effusion**. . . . . **[Lower extremity] strength is 5/5 bilaterally**. . . . . **[Straight leg raising] testing is negative**. . . . . Toe walking is weak on the rt and he is not able to heel walk. **[Plaintiff] ambulate[s] with a stable and safe gait at an appropriate speed without the use of any assistive devices**, w/ a **slight** limp. He carries a cane in his rt hand for support.

Admin. R. at 63 (emphasis added). Referencing the Court's previous statement that he had omitted material statements from this quotation without ellipses or other indication, Mr. Mitzner explains that he did not fully understand the meaning of ellipses. More broadly, Mr. Mitzner explains that he does not believe that the omissions he made to the quotation caused it to be inaccurate. These explanations do not suffice. The statement that Plaintiff "ambulate[s] with a stable and safe gait at an appropriate speed without the use of any assistive devices" was critical to the issue being raised, and its omission altered the meaning of the quotation. Likewise, the difference between a "slight limp" and a "limp" is easily understood, and making that alteration reflects more than grammatical error.

This misstatement of evidence is serious but perhaps could be accepted as an unrepresentative error in judgment if made in isolation. The problem, though, is that it is but the latest in a series of similar misstatements. At this point, all of the magistrate judges in this Court (before whom Mr. Mitzner regularly practices), at least one of the district judges, and the Court of Appeals for the Tenth Circuit have noted instances in which Mr. Mitzner failed to accurately describe facts relevant to an argument he was making. *See, e.g.*, *Kirkpatrick v. Colvin*, 663 F. App'x 646, 650 n.2 (10th Cir. 2016) (noting that Mr. Mitzner had "misrepresent[ed] the record" by stating that health conditions that existed prior to a corrective surgery were present after the surgery); *Kirkpatrick v. Colvin*, No. CIV-14-349-F, 2015 WL 5666748, at *7 (W.D. Okla. Aug. 24, 2015) (R. & R) (same), *adopted*, 2015 WL 5677288 (W.D. Okla. Sept. 24, 2015); *Anderson v. Berryhill*, No. CIV-16-865-STE, 2017 WL 1436482, at *8 (W.D. Okla. Apr. 21, 2017) (noting that Mr. Mitzner had made the "untrue" statement that a physician opined that the plaintiff's headaches

3

prevented her from working); *Cadenhead v. Colvin*, No. CIV-15-1121-F, 2016 WL 7852535, at *5, n.7 (W.D. Okla. Dec. 19, 2016) (R. & R.) (noting that Mr. Mitzner had "mispresent[ed] the record" by suggesting that a physician opined that the plaintiff was limited in his ability to climb stairs, when he did not, and then arguing that the administrative law judge ("ALJ") erred by not considering that limitation), *adopted*, 2017 WL 239637 (W.D. Okla. Jan. 19, 2017); *Bivins v. Colvin*, No. CIV-16-84-M, 2016 WL 5947378, at *5 (W.D. Okla. Sept. 15, 2016) (R. & R.) (noting that Mr. Mitzner had "misstate[d]" the record by suggesting that the ALJ had found that the plaintiff was only limited to simple work rather than the multiple mental health limitations actually found by the ALJ), *adopted*, 2016 WL 5947341 (W.D. Okla. Oct. 13, 2016); *Moen v. Colvin*, No. CIV-15-756-M, 2016 WL 4772478, at *3 (W.D. Okla. Aug. 19, 2016) (R. & R.) (noting that Mr. Mitzner had "misstate[d] the facts" by stating that a medical expert reiterated post-hearing that additional evidence was needed when the expert actually stated he had sufficient evidence to form an opinion), *adopted*, 2016 WL 4769375 (W.D. Okla. Sept. 13, 2016); *Cousin v. Colvin*, No. CIV-15-150-D, 2016 WL 355494, at *2 (W.D. Okla. Jan. 29, 2016) (noting that Mr. Mitzner had "misstate[d] the ALJ's findings" by suggesting that the ALJ had found that the plaintiff was only limited to simple work rather than the multiple mental health limitations actually found by the ALJ); *Mueller v. Colvin*, No. CIV-13-805-M, 2014 WL 3419313, at *3 (W.D. Okla. July 11, 2014) (noting that Mr. Mitzner had "misrepresent[ed]" the record by stating that an ALJ had inconsistently given "great weight" and "some weight" to the opinions of agency physicians, when the ALJ in fact gave "great weight" to the physicians' opinions regarding the plaintiff's mental limitations

and "some weight" to their opinions regarding the plaintiff's physical limitations). Although all of these judges and their staffs have uncovered the actual facts and made their decisions based on those facts, it remains the case that Mr. Mitzner in making arguments based on exaggerations and mischaracterizations of fact is failing his clients.

Considering all of the above, the Court declines at this time to sanction Mr. Mitzner or find that he has violated Oklahoma Rule of Professional Conduct 3.3(a)(1) or Federal Rule of Civil Procedure 11(b). *But this pattern cannot continue.* Mr. Mitzner is admonished for failing to meet the high standards and obligations for the practice of law in the Western District of Oklahoma and is advised that any future similar issues will result in severe consequences, to include referral to the Chief Judge for disciplinary action pursuant to Local Civil Rule 83.6(c). To the extent that Mr. Mitzner is aware of any filing previously made that includes a misrepresentation of evidence, he is reminded of his obligation to correct that filing immediately; in any event, this Court will not accept as an excuse that any such misrepresentation occurred prior to the entry of this Order.

The Clerk of Court is directed to distribute this Order to each of the magistrate judges in the Western District of Oklahoma.

IT IS SO ORDERED this 10th day of May, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE